UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------------------

TOM M. BALADI,

                        Plaintiff,                    **MEMORANDUM & ORDER**
                                                                           14-CV-4683 (MKB)

                        v.

JENNIFER CURTIS 93806,

                        Defendants.

-----------------------------------------------------------------

MARGO K. BRODIE, United States District Judge:

Plaintiff, Tom M. Baladi, incarcerated at Rikers Island at the time he mailed the Complaint, files this *pro se* action pursuant to 42 U.S.C. § 1983 against Defendant Jennifer Curtis, who appears to be his landlord. Plaintiff seeks damages for his arrest on July 27, 2014.[1] Plaintiff's request to proceed *in forma pauperis* is granted solely for the purpose of this Order pursuant to 28 U.S.C. § 1915. As explained below, Plaintiff is granted thirty (30) days leave to file an amended complaint.

**I. Background**

Plaintiff alleges that on July 27, 2014, he was able to gain access to his home despite the fact that the locks had been changed. (Compl. at ECF No. 4.) As he was trying to determine what had been stolen from his home, the police arrived. (*Id*.) Plaintiff proved that he lived there

---

[1] The Court takes judicial notice that on July 26, 2014 and November 26, 2014, Plaintiff was arrested. *See* New York Department of Correction, Inmate Lookup Service, http://a073-ils-web.nyc.gov/inmatelookup/pages/common/find.jsf. He was released on bail on August 1, 2014 in connection with his first arrest, and on November 26, 2014, in connection with his second arrest. It is the Plaintiff's duty to provide the Court with a current address. The Clerk of Court is directed to mail this Memorandum and Order to Rikers Island as well as to the address provided on page three of the Complaint, 775 42nd Street, Apartment 2K, Brooklyn, New York 11232.

by showing them unspecified documents, but the officers arrested him for trespass because the landlord did not want him there. (*Id.*) Plaintiff states that there was no order of eviction. (*Id.*) Plaintiff seeks punitive damages for his arrest.

## II. Discussion

### a. Standard of Review

A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the Plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although all allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Id.* In reviewing a *pro se* complaint, the court must be mindful that the Plaintiff's pleadings should be held "to less stringent standards than formal pleadings drafted by lawyers." *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (internal quotation marks omitted); *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (noting that even after *Twombly*, the court "remain[s] obligated to construe a *pro se* complaint liberally"). If a liberal reading of the complaint "gives any indication that a valid claim might be stated," the Court must grant leave to amend the Complaint. *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000). Nevertheless, the Court is required to dismiss *sua sponte* an *in forma pauperis* action, if the Court determines it "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007).

### b. Section 1983

Plaintiff has failed to state a claim under Section 1983. In order to sustain a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege (1) that the challenged conduct was "committed by a person acting under color of state law," and (2) that such conduct "deprived [the plaintiff] of rights, privileges, or immunities secured by the Constitution or laws of the United States." *Cornejo v. Bell*, 592 F.3d 121, 127 (2d Cir. 2010) (quoting *Pitchell v. Callan*, 13 F.3d 545, 547 (2d Cir. 1994)); *see Filarsky v. Delia*, 566 U.S. ---, ---, 132 S. Ct 1657, 1661 (2012) ("Section 1983 provides a cause of action against any person who deprives an individual of federally guaranteed rights 'under color' of state law.") "[T]he under-color-of-state-law element of [Section] 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful." *Am. Mfrs. Mt. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999) (citation and internal quotation marks omitted). The actions of a private entity may be deemed state action only if "there is a sufficiently close nexus between the State and the challenged action of the regulated entity so that the action of the latter may be fairly treated as that of the state itself." *Id.* at 52 (citation and internal quotation marks omitted); *see also Sykes v. Bank of Am.*, 723 F.3d 399, 406 (2d Cir. 2013) (same). "Whether such a 'close nexus' exists . . . depends on whether the State has exercised coercive power or has provided such significant encouragement, either overt or covert, that the [action] must in law be deemed to be that of the state." *Sullivan*, 526 U.S. at 52 (citation and internal quotation marks omitted). State action is satisfied if the private actor was a "willful participant in joint activity with the State or its agents." *Ciambriello v. Cnty. of Nassau*, 292 F.3d 307, 324 (2d Cir. 2002) (quoting *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 152 (1970)).

Here, the sole Defendant to this action is Jennifer Curtis. Although Plaintiff does not connect the name in the caption to the facts he has alleged, he implies that she is the landlord who caused his arrest, forming the basis of the Complaint. Private conduct, no matter how discriminatory or wrongful, is generally beyond the reach of Section 1983. *See McGugan v. Aldana-Bernier*, 752 F.3d 224, 229–31 (2d. Cir. 2014) (finding that private health care workers were not state actors for purposes of [Section] 1983 liability); *Davies v. Tomushunas*, No. 13-CV-1305, 2013 WL 6497770, at *3 (N.D.N.Y. Dec. 10, 2013) (dismissing claim under Section 1983 against plaintiff's landlord because there was no indication that defendant was employed by the state or otherwise acting under color of state law). Plaintiff fails to plead any facts indicating that Curtis, assuming she was his landlord and a private citizen, acted under the color of state law. A mere allegation that a private party provided information to the police, even if false, is insufficient to state a claim under Section 1983. *See Stewart v. Victoria's Secret Stores, LLC*, 851 F. Supp. 2d 442, 446 (E.D.N.Y. 2012) ("A private party supplying information or seeking police assistance 'does not become a state actor . . . unless the police officers were improperly influenced or controlled by the private party.'" (alteration in original) (citations omitted)); *Baez v. JetBlue Airways*, 745 F. Supp. 2d 214, 221 (E.D.N.Y. 2010) (holding that one incident of providing false information was not sufficient to make a private party an actor under the color of law); *Castro v. Cnty. of Nassau*, 739 F. Supp. 2d 153, 173 (E.D.N.Y. 2010) ("[T]he provision of information to or summoning of police officers, even if that information is false or results in the officers taking affirmative action, is not sufficient to constitute joint action with state actors for purposes of [Section] 1983."). Without more factual allegations indicating that Curtis acted under color of state law, Plaintiff fails to state a valid claim pursuant to Section 1983.

In addition, Plaintiff has not alleged that Curtis engaged in any wrongful conduct.[2] In order to state a claim under Section 1983, Plaintiff must allege conduct which deprived him of his "rights, privileges, or immunities secured by the Constitution or laws of the United States." *See Cornejo*, 592 F.3d at 127. In light of Plaintiff's *pro se* status, the Court grants him leave to amend the Complaint to allege facts, if possible, to show that Curtis acted under color of state law, and engaged in conduct prohibited by Section 1983. To the extent that Plaintiff is asserting that Curtis was involved in his arrest, he should specify in his amended complaint the nature of her involvement and/or any other facts and circumstances demonstrating her participation in conduct depriving Plaintiff of his rights and privileges.

**III. Conclusion**

For the reasons set forth above, Plaintiff is granted leave to amend the Complaint in accordance with this Memorandum and Order. The amended complaint must be filed within 30 days of the date of this Memorandum and Order, or the Complaint will be dismissed for failure to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B). Plaintiff is advised that if he files an amended complaint, it will completely replace the original Complaint. The amended complaint must be captioned "Amended Complaint" and shall bear the same docket number as this Memorandum and Order.

---

[2] Other than the caption, Plaintiff does not refer to Curtis in the Complaint.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED:

    s/ MKB
MARGO K. BRODIE
United States District Judge

Dated: December 22, 2014
       Brooklyn, New York